IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DENISE D. KRAUSE**                                                                                            **PLAINTIFF**

**vs.**                                                                        **CIVIL ACTION No.: 3:19-CV-571-HTW-LGI**

**UNIVERSITY OF MISSISSIPPI**
**MEDICAL CENTER; and**
**JOHN DOES 1-5**                                                                                              **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the Motion to Dismiss (Partial Dismissal) or Alternatively, for Partial Summary Judgment **[Docket no. 14]**, filed by the defendant University of Mississippi Medical Center (hereinafter referred to as "UMMC").

### I.     FACTUAL BACKGROUND

Plaintiff Denise Krause (hereinafter referred to as "Dr. Krause") is a female professor, researcher, and epidemiologist. Dr. Krause worked at UMMC for over twenty-four (24) years in various capacities. During the course of her employment at UMMC, she earned a Master of Sciences degree in Preventive Medicine and a Ph.D. in Epidemiology, Preventive Medicine. Eventually, Dr. Krause obtained a position at UMMC as a Professor and Associate Director of Research and Technology for the Office of Mississippi Physician Workforce. Her supervisor was Dr. David Felton (hereinafter referred to as "Dr. Felton").

Sometime in July 2017, Dr. Krause allegedly became aware that she had been denied a research salary enhancement that had been approved for several male faculty members.

Dr. Krause also sought approval to work remotely (hereinafter referred to as "telework") due to an unspecified family need or concern. Allegedly, UMMC denied her the ability to telework despite approving several male faculty members' requests to telework.

1

Finally, according to Dr. Krause, UMMC initially approved extended leave and then denied it at a later date – placing Dr. Krause on uncompensated leave for several weeks.

Dr. Krause tendered her resignation in October 2017, citing the disparate treatment between her and her male colleagues.

On December 27, 2017, Dr. Krause filed a Charge of Discrimination (hereinafter referred to as "Charge") with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), alleging that UMMC had discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964. In her Charge, Dr. Krause checked the box indicating sex discrimination and included a factual statement asserting only that she had been discriminated against based on sex. The narrative of her charge alleges that she had been "denied an increase, transfer, remote work authority, payment for personal leave, and discharged because of [her] sex (female)." Dr. Krause identified the dates that the alleged discrimination had taken place, as beginning on July 1, 2017, and ending on October 31, 2017.

On October 15, 2019, Dr. Krause filed her Complaint alleging in Count Two that she had been subjected to a hostile work environment and harassed due to her sex. Her specific words were: UMMC and her supervisor "continually subjected [her] to sexism" and that her supervisor, UMMC and "its administrators created a hostile work environment and subjected Dr. Krause to harassment."

## II.  ANALYSIS

### a. Standard of Review – Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint and is granted when the non-movant fails to state a claim or cause of action for which the Court can provide relief. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the Complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ) (quoting *Twombly*, 550 U.S. 570. The allegations of the complaint must be viewed in a light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (construing 12(b)(6) motions, court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff").

The Court may properly consider Plaintiff's Charge of Discrimination as part of the pleadings to partially dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). In the Fifth Circuit, United States District Courts consider "[d]ocuments that a defendant attaches to a motion to dismiss [as] part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) (noting "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

  b. *Standard of Review – Rule 56*

To defeat summary judgment, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed. 265 (1986). Summary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp.* 477 U.S. at

3

322. "[W]here the nonmoving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." *Apache Corp. v. W & T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir.2010). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23.

This court will grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Like a Rule 12(b)(6) motion to dismiss, "all evidence is viewed in the light most favorable to the non-movant".

    c. *Hostile Work Environment*

Title VII's administrative exhaustion requirement is a precondition to filing suit. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306 (5th Cir. 2018); *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018); *see also Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989); *Lowe v. American Eurocopter, LLC*, 2010 WL 5232523, *4 (N.D. Miss. 2010). It is well-established that before a plaintiff can pursue a claim under Title VII in federal court, she must exhaust her administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e-5; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006).

The exhaustion requirement "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Lowe*, 2010 WL at *8. The United States Court of Appeals for the Fifth Circuit has stated that "Title VII clearly contemplates

4

that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco*, 448 F.3d at 788.

In light of the purpose underlying the exhaustion requirement, the proper scope of a Title VII complaint is limited "to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. In determining the proper scope of the Complaint, the court must analyze the accompanying factual statement given by the plaintiff. *Id*. at 789. Thus, where a Title VII complaint exceeds the scope of the EEOC investigation which could reasonably be expected to grow out of the charge, it should be dismissed. *See Ronde v. United States Department of the Navy*, 157 F.3d 392. 395 (5th Cir. 1998); *Sheffield v. Leggett & Platt, Inc.*, 2008 U.S. Dist. LEXIS 63153, *5 (N.D. Miss. Aug. 13, 2008).

> On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII "was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir.1970). On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788–89. To reconcile these policies, this court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Sanchez*, 431 F.2d at 466. We use a "fact intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance. *Id*. In sum, a Title VII lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *Id*.

*McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (emphasis added).

UMMC argues that Dr. Krause failed to raise the specter of "hostile work environment" in her EEOC Charge before filing her lawsuit. Dr. Krause, contrariwise, says that the EEOC Charge can be read liberally to include a charge of hostile workplace. This court finds it instructive to quote the language of Dr. Krause's EEOC Charge here.

> I had worked for the Respondent and most recently as a tenured full Professor. On July 1, 2017, I became aware that I would not receive a research wage increase while male assistants, associate, and full Professors in the same department did receive their increases. I was subsequently denied a transfer and authorization to work remotely when other individuals were granted these privileges. In August/September 2017, I was the only Professor not allowed to use personal leave even though I had over 1 year of accrued personal leave available for use. In August 2017, UMMC changed my personal leave status to uncompensated, for me to retire prematurely/ constructively discharged, effective October 1, 2017, due to discrimination. After I was constructively discharged, a lump sum payment for my personal leave was deposited into my bank account by Respondent and subsequently taken back by Respondent four days later. I believe I was denied an increase, transfer, remote work authority, payment for personal leave, and constructively discharged because of my sex (female).

[Docket no. 19-1].

A fair reading of Dr. Krause's EEOC Charge yields for this court the conclusion that Dr. Krause had exhausted her EEOC filing obligation before she filed suit in this court. The elements of a hostile work environment claim are as follows: "(1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *Huang v. Huang*, No. 20-50445, 2021 WL 519411, at *5 (5th Cir. Feb. 10, 2021) (Quoting *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)). Dr. Krause's EEOC charge embraces a potpourri of alleged discriminatory work-related complaints: denied wages; denied transfer; denied remote work; denied leave time; and constructive discharge. These allegations directed at UMMC broadly place into dispute virtually the whole of plaintiff's work life and, if true, would posture a hostile work environment. Accordingly, this court finds that UMMC's Motion to Dismiss (Partial Dismissal) or Alternatively, for Partial Summary Judgment **[Docket no. 14]** is not well-taken and should be denied.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that UMMC Motion to Dismiss (Partial Dismissal) or Alternatively, for Partial Summary Judgment [Docket no. 14] is hereby DENIED.

SO ORDERED this the 30th day of March, 2021.

                                            **s/ HENRY T. WINGATE**
                                            **UNITED STATES DISTRICT COURT JUDGE**