### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**DENISE D. KRAUSE**                                                                **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.  3:19-cv-571-HTW-LGI**

**UNIVERSITY OF MISSISSIPPI MEDICAL**
**CENTER; and JOHN DOES 1-5**                                        **DEFENDANTS**

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant University of Mississippi Medical Center ("Defendant" or "UMMC"), by and through its counsel of record, and respectfully moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In support thereof, Defendant states as follows:

1.      This lawsuit arises out of the resignation and retirement of Plaintiff Dr. Denise Krause ("Dr. Krause") as a tenured professor from UMMC after she voluntarily relocated to Oregon in August 2017 for her son's educational opportunities. Dr. Krause moved to Oregon after UMMC denied her requests to work remotely or transfer to another school. UMMC simply could not accommodate these requests (for *any* faculty member) based on its operational needs and internal protocols. Once UMMC learned of her move, Dr. Krause unreasonably requested indefinite paid leave, which was denied. Dr. Krause could have returned to UMMC to perform her employment duties, but instead chose to voluntarily resign from her employment.

2.      Thereafter, Dr. Krause filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), then this lawsuit.  Dr. Krause claims discrimination based on gender, claims of hostile work environment and harassment based on sex, and violations of due process.

3.      The crux of Dr. Krause's complaints is that she believes UMMC should have acceded to her demands to allow her to work from Oregon remotely, transfer to another school at

59742625.v1

UMMC that she believed was a better fit or permitted her to take 10 months of paid leave. Moreover, even though Dr. Krause was the highest paid faculty member in her department (besides the department chair), Dr. Krause claims UMMC discriminated against her based on her compensation, complaining she was not awarded a research-based salary supplement.

4.    Dr. Krause cannot establish a genuine dispute of material fact to support any of her claims. Accordingly, UMMC is entitled to judgment as a matter of law on each claim.

5.    In addition to the Memorandum in Support of Defendant's Motion for Summary Judgment filed contemporaneously herewith, Defendant relies on the following evidentiary material attached hereto:

Exhibit A    Deposition Excerpts of Denise Krause's Deposition and referenced Exhibits;

Exhibit B    Declaration of Molly Brasfield;

B-1    Excerpts of 2016-2017 Faculty Staff Handbook;

B-2    Grievance Policy;

B-3    IHL Board of Trustees Policies and Bylaws;

B-4    Excerpts of UMMC Enhancement Programs for Research Excellence;

B-5    E-mail correspondence between Brasfield, Griggs, and Lynch, dated August 2, 2016;

B-6    8/22/17 e-mail from Griggs to Keefer;

B-7    E-mail exchange between Brasfield, Krause, Keefer, Griggs, Dismuke and Felton, dated August 25, 2017;

B-8    E-mails between Krause, Griggs, Brasfield, dated September 1, 2017;

59742625.v1

B-9    E-mails dated September 6, 2017 between Krause, Griggs, Brasfield, Lewis, Griggs, and Felton;

B-10    Employee Resignation;

B-11    Department of Biomedical Materials Science faculty list;

B-12    E-mail exchanges between Krause, Summers, Brasfield and Keefer, dated 9/6-9/29/17

B-13    Correspondence from Ray to Krause, dated September 26, 2017

B-14    Correspondence from Ray to Krause October 10, 2017;

B-15    October 26, 2017 e-mail correspondence;

B-16    E-mail correspondence between Ray and Krause, dated December 13, 2017;

Exhibit C    Declaration of Dr. Jason Griggs;

C-1    2014-2015 Faculty Evaluation;

C-2    2015-2016 Faculty Evaluation;

C-3    2016-2017 Faculty Evaluation;

C-4    E-mail from Dr. Summers to Dr. Griggs, dated August 9, 2016;

C-5    8/25-8/27/17 e-mail exchange between Brasfield, Krause, Griggs and Felton;

C-6    E-mail from Dr. Griggs to Dismuke, dated September 1, 2017;

C-7    8/22/17 e-mail from Griggs to Keefer;

C-8    E-mails between Krause, Griggs, Brasfield, dated September 1, 2017;

C-9    E-mails dated September 6, 2017 between Krause, Lewis, Griggs and Felton;

Exhibit D    Declaration of Leslie Musshafen;

3

D-1 UMMC Enhancement Programs for Research Excellence;

D-2 E-mail correspondence between Richard L. Summers and Jason A. Griggs, dated August 9, 2016;

D-3 E-mail correspondence between Leslie A. Musshafen and Richard L. Summers, dated August 18, 2017;

Exhibit E Deposition Excerpts of David Felton;

Exhibit F Deposition Excerpts of Dr. Jason Griggs;

Exhibit G Deposition Excerpts of Denise Krause's Second Deposition and referenced Exhibits; and

Exhibit H Deposition Excerpts of Molly Brasfield.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court grant summary judgment in its favor, in accordance with Rule 56 of the Federal Rules of Civil Procedure, that Plaintiff's Complaint be dismissed with prejudice in its entirety, and that this Court grant such other, further, and different relief as it deems fair and just.

This the 18th day of June 2020.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**, Defendant,

By: _/s/ Robin Banck Taylor_____
Robin Banck Taylor (MS Bar No. 100195)
Timothy M. Threadgill (MS Bar No. 8886)
Marcellus D. Chamberlain (MS Bar No. 105672)

ITS ATTORNEYS

4

59742625.v1

OF COUNSEL:

Robin Banck Taylor (MS Bar No. 100195)
Timothy M. Threadgill (MS Bar No. 8886)
Marcellus D. Chamberlain (MS Bar No. 105672)
BUTLER SNOW LLP
1020 Highland Colony Park, Suite 1400
Ridgeland, MS 39157
Tel: (601) 948-5711
Fax: (601) 985-4500
robin.taylor@butlersnow.com
tim.threadgill@butlersnow.com
marc.chamberlain@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robin Banck Taylor, hereby certify that on this date I electronically filed the above and

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

to the following:

Lilli Evans Bass, Esq.
LaToya T. Jeter, Esq.
BROWN BASS & JETER, PLLC
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
bass@bbjlawyers.com
**ATTORNEYS FOR PLAINTIFF**

This the 18th day of June 2020.

/s/ Robin Banck Taylor
ROBIN BANCK TAYLOR

5

59742625.v1