IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DENISE D. KRAUSE                                                    PLAINTIFF

V.                                      CIVIL ACTION NO.  3:19-cv-571-HTW-LGI

UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER; and JOHN DOES 1-5                                      DEFENDANT

DEFENDANT'S MOTION IN LIMINE EXCLUDING
OPINION TESTIMONY CONCERNING KRAUSE'S QUALIFICATIONS AND
PERFORMANCE FROM EMPLOYEES AND FORMER EMPLOYEES

Defendant University of Mississippi Medical Center ("Defendant" or "UMMC"), moves this Court for an order, in limine, to exclude Plaintiff Denise D. Krause and other witnesses who did not manage Krause at the time of her resignation from presenting opinion testimony concerning Krause's qualifications and performance.  In support of this Motion, UMMC states as follows:

1.     UMMC anticipates Dr. Krause will attempt to introduce her own opinion testimony of her job performance or how her job performance should have been evaluated.  Such evidence should be excluded as irrelevant and unhelpful to the jury as Dr. Krause's perception of herself is irrelevant.  Moreover, Dr. Krause's performance is not relevant to her claims as Dr. Krause resigned from employment after relocating to Oregon because she believed Oregon provided better educational opportunities for her son.

2.     In addition, based on deposition testimony and affidavits presented in this case, UMMC anticipates Dr. Krause will attempt to offer testimony of current and former UMMC employees who did not supervise Dr. Krause at the time of her resignation and assert that Dr. Krause's job performance was exemplary.

3.     For example, Plaintiff submitted the testimony of former Professor and Department Chair of Advanced General Dentistry, who never had supervisory responsibility over Dr. Krause, in opposition to UMMC's Motion for Summary Judgment, arguing that Plaintiff was an exemplary employee.  [Doc. 67-31, p. 1-2.]

4.     However, such testimony should be excluded because neither of these witnesses have any personal knowledge regarding Dr. Krause's performance in the years before her resignation from UMMC, had no supervisory responsibility over Dr. Krause.  Importantly, any opinion testimony of these non-supervisors has no relevance to Dr. Krause's claims because UMMC did not terminate Dr. Krause's employment—much less terminate her employment for poor performance.  Accordingly, their testimony should be excluded under Fed. R. Evid. §§ 401-403 and 801-802.

5.     Such evidence would not have a tendency to prove any material element of Dr. Krause's case and would only serve to confuse the issues, mislead the jury, and prejudice the jury's view of the relevant facts.

6.     Therefore, Dr. Krause and other witnesses who did not manage Dr. Krause at the time of her resignation should be precluded from presenting opinion testimony during the trial concerning Dr. Krause's qualifications and performance for which they have no basis in fact.

WHEREFORE, UMMC, by and through counsel, based on the foregoing and as more fully set forth in its Memorandum of Law, respectfully requests that this Court grant UMMC's Motion in Limine, and that this Court grant such other, further and different relief as it deems fair and just.

THIS, the 1st day of October, 2021.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**,
Defendant

By:    */s/ Robin Banck Taylor*
Timothy M. Threadgill (MS Bar No. 8886)
Robin Taylor (MS Bar No. 100195)
Marcellus D. Chamberlain (MS Bar No. 105672)

ITS ATTORNEYS


OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Telephone: (601) 948-5711
Facsimile:  (601) 985-4500
Email: tim.threadgill@butlersnow.com
Email: robin.taylor@butlersnow.com
Email: marc.chamberlain@butlersnow.com

3

**CERTIFICATE OF SERVICE**

I, Robin Banck Taylor, hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Lilli Evans Bass, Esq.
LaToya T. Jeter, Esq.
BROWN BASS & JETER, PLLC
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
Email: bass@bbjlawyers.com

**ATTORNEYS FOR PLAINTIFF**

THIS the 1st day of October, 2021.

*/s/ Robin Banck Taylor*
Robin Banck Taylor

4

61270012.v1