**DENISE D. KRAUSE**                                                                                                 **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO.  3:19-cv-571-HTW-LGI**

**UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER; and JOHN DOES 1-5**                                                            **DEFENDANT**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE EXCLUDING EVIDENCE OF AN UNRELATED
INTERNAL REPORT BROUGHT BY DR. KRAUSE**

Defendant University of Mississippi Medical Center ("Defendant" or "UMMC") submits this Memorandum in Support of its Motion in Limine for entry of an order to exclude Plaintiff Dr. Denise Krause ("Dr. Krause) from introducing any facts and/or other evidence or any reference to unrelated allegations brought by Dr. Krause almost five years prior to her resignation and related to her work in the Department of Information Systems, not the School of Dentistry. Such evidence or testimony would not have a tendency to prove any material element of the Plaintiff's case and would only serve to confuse the issues, mislead the jury, and prejudice the jury's view of the relevant facts.

## INTRODUCTION AND SUMMARY

This case arises from Plaintiff Dr. Krause's resignation and retirement as a tenured professor at UMMC in September 2017 after she voluntarily (and unilaterally) relocated to Oregon because she believed Oregon provided better educational opportunities for her son. Once UMMC learned that Dr. Krause had moved to Oregon without securing permission, Dr. Krause requested indefinite paid leave, which UMMC denied. Although Dr. Krause could have returned to UMMC to perform her employment duties, she chose to voluntarily resign from her

employment. Three months later, Dr. Krause filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), then this lawsuit, claiming discrimination based on gender, claims of hostile work environment and harassment based on sex, and violations of due process.

UMMC anticipates that Dr. Krause may attempt to make reference to or introduce oral and/or documentary evidence regarding an internal report brought by Dr. Krause almost five years before her resignation against her prior female manager while working in UMMC's Department of Information Systems (DIS). In particular, Dr. Krause submitted email correspondence related to an internal complaint submitted by Dr. Krause in January 2013 related to her work as Director of Research and Education IT for UMMC complaining that she was "continually harassed by Julie Smith" (female), was removed from her position without cause, and that another male faculty member discredited her to an outside company that she sought consulting work with. [Doc.67-29, p. 3-4].

<u>**ARGUMENT**</u>

Dr. Krause's claims are for gender discrimination and harassment related to her resignation and retirement after UMMC's School of Dentistry denied her requests for indefinite paid leave and remote work after it learned she had relocated to Oregon for her son's educational opportunities. In particular, Dr. Krause claims that UMMC's School of Dentistry discriminated against her based on her gender and harassed her because School of Dentistry Dean Felton denied her request to work remotely after she voluntarily moved to Oregon; denied her request to transfer to another school that would permit her to work remotely; and denied her retroactive request to use ten (10) months of paid time off until she decided to retire. Dr. Krause also alleges that UMMC delayed her terminal payment of paid time off until an inventory of

UMMC's property held by Dr. Krause was completed; forced Dr. Krause to resign and constructively discharged her; and denied her request for a research salary enhancement award. In addition, Dr. Krause alleges UMMC denied her substantive and procedural due process.

Dr. Krause's internal complaint, nearly five years before, against her former female manager while working in UMMC's Department of Information Systems is not relevant in any way to Plaintiff's claims and is not probative of intentional gender discrimination. In particular, in opposition to summary judgment, Dr. Krause submitted email correspondence related to an internal complaint submitted by Dr. Krause in January 2013 related to her work as Director of Research and Education IT for UMMC's DIS department complaining that she was "continually harassed by Julie Smith" (female), was removed from her position without cause, and that another male faculty member discredited her to an outside company that she sought consulting work with. [Doc.67-29, p. 3-4].

A.    **Any claims of Dr. Krause related to her work with UMMC DIS department five years prior to her resignation are time barred and Dr. Krause failed to exhaust her administrative remedies.**

As an initial matter, Dr. Krause failed to bring a charge of discrimination within the statutory time period of 180 days related to any internal complaint she brought nearly five years before her resignation. Under Title VII of the Civil Rights Act of 1964, a plaintiff "shall" file an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC) 180 days after an "alleged unlawful employment practice occurred." 42 U. S. C. § 2000e-5(e)(1). Title VII's administrative exhaustion requirement is a precondition to filing suit. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306 (5th Cir. 2018); *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018); *See also Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989); *Lowe v. American Eurocopter*, LLC, 2010 WL 5232523, *4 (N.D. Miss. 2010).

It is well-established that before a plaintiff can pursue a claim under Title VII in federal court, she must exhaust her administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e-5; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006). The "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006), *cert. denied*, 549 U.S. 888, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006).

The exhaustion requirement "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Lowe*, 2010 WL at *8. Indeed, the Fifth Circuit has acknowledged that "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco*, 448 F.3d at 788.

Dr. Krause's internal five-year old internal complaint has no relevance to her Title VII complaint and exceeds the scope of the EEOC investigation which could reasonably be expected to grow out of the charge. *See Ronde v. United States Department of the Navy*, 157 F.3d 392. 395 (5th Cir. 1998); *Sheffield v. Leggett & Platt, Inc.*, 2008 U.S. Dist. LEXIS 63153, *5 (N.D. Miss. Aug. 13, 2008).

    **B.**    **Evidence related to Dr. Krause's internal complaint related to her work in the DIS department is not relevant to her claims of gender discrimination related to her work in the School of Dentistry.**

Dr. Krause alleged in her EEOC Charge of Discrimination that she was "denied an increase, transfer, remote work authority, payment for personal leave, and discharged because of

[her] sex (female)." (*Id.*)  Dr. Krause identified the dates that alleged discrimination took place as beginning on July 1, 2017 and ending on October 31, 2017.  (*Id.*)  In her federal court complaint, Plaintiff alleges that she was "continually subject to sexism" under the supervision of Dr. Felton.  (*Doc. 1*.)  Her Complaint states:

> Dr. Krause worked under the supervision of Defendant Felton and was continually subjected to sexism by Defendant Felton and UMMC despite her qualifications.  Defendant Felton and UMMC and its administrators created a hostile work environment and subjected Dr. Krause to harassment.

[Doc. 1, ¶14.]

Dr. Krause's nearly five year old complaint that she had been continually "harassed" by a former **<u>female</u>** manager while working *in the DIS department*, removed from her prior administrative position in the DIS department without cause and that another male faculty member discredited her to an outside company that she sought consulting work with have no connection to Dr. Krause's allegations that the Dean of the School of Dentistry "continually subjected [her to sexism]" or any of Dr. Krause's claims in this lawsuit.  [Doc.67-29, p. 3-4]. *Lopez v. Kempthorne*, 684 F.Supp.2d 827, 892–93 (S.D.Tex.,2010) (refusing to consider evidence outside of the statutory window where offending manager was not plaintiff's supervisor when she filed her charges, and because none of her other specific allegations are similar in nature to this, Plaintiff fails to show that they are part of a single practice of discrimination for a continuing violation of Title VII.)

Introducing such evidence would confuse the issues and mislead the jury.  Moreover, the introduction of unrelated allegations could influence the jury to err on the Plaintiff's side, thus resulting in unfair prejudice.  Because of the great risk that the jury will misuse this information, this Court should exclude evidence relating to the unrelated allegations of sexual harassment.

Evidence must be relevant to be admissible. FED. R. EVID. 402. Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Evidence of the unrelated allegations is not relevant and thus should not be admitted. Evidence related to Dr. Krause's internal complaint regarding her work in another department and alleged mistreatment by another female manager in the DIS department nearly five years before her resignation as a tenured professor in the School of Dentistry is not relevant to Dr. Krause's gender discrimination claims. Here, there is no similarity in Dr. Krause's internal complaints regarding her female management while working in DIS department and Plaintiff's claims that she was discriminated and constructively discharged because of her gender and subjected to sexism by the Dean of the School of Dentistry. *See Wyvill, 212 F.3d at 302.*

Even if the evidence of Dr. Krause's prior workplace internal complaint was probative of whether Dr. Krause was discriminated against on the basis of gender, it would be properly excluded under Rule 403. Any probative value of such evidence would be substantially outweighed by unfair prejudice, jury confusion, and undue delay. *See Kelly v. Boeing Petroleum Servs., Inc.,* 61 F.3d 350, 356 (5th Cir. 1995) (affirming the district court's exclusion of evidence of allegations of unrelated discrimination as irrelevant, as having the potential to confuse and mislead the jury, having the potential to be overly prejudicial and as wasteful of judicial resources).

The admission of evidence of unrelated allegations brought by Dr. Krause nearly five years before her resignation and against other female management will force UMMC to spend its time and resources litigating a trial-within-a-trial as to whether the alleged conduct actually occurred and whether Dr. Krause's allegations were valid and whether her prior removal from her administrative position was warranted. *See Wyvill*, 212 F.3d at 303. That mini-trial would not be probative of whether UMMC's School of Dentistry discriminated against Dr. Krause on the basis of gender. *See Id.* Further, having a mini-trial regarding the prior complaint would be a substantial waste of the jury's time and of judicial resources and would risk confusion of the issues. For these reasons, courts within the Fifth Circuit routinely exclude this form of evidence. *See, e.g., Wyvill*, 212 F.3d at 303; *Fairchild v. All-Am. Check Cashing, Inc*., No. 2:13-CV-92-KS-MTP, 2014 WL 6883054, at *2 (S.D. Miss. Dec. 4, 2014); *Montgomery v. Sears Roebuck & Co.*, No. CIV.A. 09-0584, 2010 WL 2773238, at *2 (W.D. La. July 12, 2010); *See Hardy v. Fed. Exp. Corp.*, No. CIV. A. 97-1620, 1998 WL 419716, at *5 (E.D. La. July 21, 1998), *dismissed sub nom. Hardy v. Fed. Express Corp.*, 178 F.3d 1291 (5th Cir. 1999).

## CONCLUSION

For the foregoing reasons, UMMC respectfully requests an Order precluding the Plaintiff from offering any evidence or testimony or otherwise making reference to the unrelated internal complaint brought by Dr. Krause nearly five years before her resignation and against her female management while working in another department.

THIS, the 1st day of October, 2021.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**,
Defendant

By:     */s/ Robin Banck Taylor*
        Timothy M. Threadgill (MS Bar No. 8886)
        Robin Taylor (MS Bar No. 100195)
        Marcellus D. Chamberlain (MS Bar No. 105672)

        ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Telephone: (601) 948-5711
Facsimile:  (601) 985-4500
Email: tim.threadgill@butlersnow.com
Email: robin.taylor@butlersnow.com
Email: marc.chamberlain@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Robin Banck Taylor, hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Lilli Evans Bass, Esq.
LaToya T. Jeter, Esq.
BROWN BASS & JETER, PLLC
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
Email: bass@bbjlawyers.com

**ATTORNEYS FOR PLAINTIFF**

THIS the 1st day of October, 2021.

/s/ Robin Banck Taylor
Robin Banck Taylor

61270348.v1